UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**F I L E**

MAY 5 - 2004

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

GORDON DITTMER,

                Plaintiff,

v.

R. CORNEJO, LEE, JOHN DOE,
R. KELLOGG, WAZNY, GONZALES,
DANIEL ABRAMS, I. SCOTT,
R. CARL, K. SIGAFOOSE,
PAUL H. RENICO,
MICHAEL POWELL, and BILL MARTIN;

                Defendants.

_____/

CASE NO.  03-CV-74700-DT
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANTS CORNEJO, LEE, DOE, SCOTT, ABRAMS, SIGAFOOSE, RENICO, AND CARL (Doc. Ent. 10)

**I.**     **RECOMMENDATION:** The Court should grant plaintiff's March 26, 2004, motion for

voluntary dismissal of certain defendants. (Doc. Ent. 10). Furthermore, the Court should enter

an order terminating them as defendants. If the Court accepts my recommendation regarding

plaintiff's motion for voluntary dismissal, plaintiff's February 20, 2004, motion to compel

disclosure of name of John Doe (Doc. Ent. 6) will be rendered moot.

**II.**     **REPORT:**

**A.**     **Background and Procedural History**

       On Monday, November 13, 2000, following a jury trial, plaintiff was sentenced for

convictions of first-degree premeditated murder, conspiracy to commit first-degree premeditated

murder, first-degree home invasion, felon in possession of a firearm, and possession of a firearm

during the commission of a felony. Compl. at 5 ¶ 17, *People v. Dittmer*, No. 231381, 2003 WL

178805, *1 (Mich. App. 2003). According to plaintiff, "[t]he crimes for which [he was]

sentenced [occurred] approximately a thirty (30) minute drive from [St. Louis Correctional

Facility (SLF)][,]" the prison at which plaintiff was incarcerated during the events underlying the

instant complaint. Compl. at 6 ¶ 20.

On December 24, 2003, plaintiff filed a pro se, in forma pauperis prisoner civil rights

complaint against thirteen defendants [MDOC St. Louis Correctional Facility (SLF) employees

Richard Kellogg, Ricardo Cornejo, Richard Lee, Pete Wazny, Nemus Gonzales, Ivan Scott,

Daniel Abrams, Kristen Sigafoose, Paul Renico, and Randy Carl, as well as John Doe, Michael

Powell, and former MDOC Director Bill Martin]. Compl. at 2-5 ¶¶ 4-15.[1] The facts underlying

plaintiff's complaint emanate from the November 29, 2001, search of plaintiff's cell. Compl. at

6 ¶ 22.

On February 20, 2004, plaintiff filed a motion to compel disclosure of John Doe's name

and a motion to appoint counsel. (Doc. Entries 6 and 7). On February 26, 2004, ten defendants -

Kellogg, Cornejo, Lee, Wazny, Gonzales, Scott, Abrams, Sigafoose, Renico, and Carl - filed a

motion for dismissal and for summary judgment. (Doc. Ent. 8).[2]

**B.**   **Plaintiff's Motion for Voluntary Dismissal of Defendants Cornejo, Lee, Doe, Scott, Abrams, Sigafoose, Renico, and Carl**

---

[1]The caption of plaintiff's complaint lists Overton as a defendant; however, Overton is not set forth as a defendant in the "Parties" section of plaintiff's complaint. Compl. at 2-5.

[2]On March 4, 2004, Judge Tarnow referred this case to me for all pretrial matters.

On March 26, 2004, plaintiff filed a Fed. R. Civ. P. 41(a)(1)(ii) motion for order of

voluntary dismissal of eight defendants - Cornejo, Lee, Doe, Scott, Abrams, Sigafoose, Renico,

and Carl. (Doc. Ent. 10). Pursuant to E.D. Mich. LR 7.1(d)(2)(B), "[a] response to a

nondispositive motion must be filed within 14 days after service of the motion." Therefore,

assuming defendants were served with plaintiff's motion on the day it was filed, their response, if

any, was due on April 9, 2004.

## C.    Applicable Law

Rule 41 of the Federal Rules of Civil Procedure governs dismissal of actions. Fed. R.

Civ. P. 41. With regard to the effect of a voluntary dismissal by a plaintiff or by stipulation, the

rule provides:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the
> United States, an action may be dismissed by the plaintiff without order of court
> (i) by filing a notice of dismissal at any time before service by the adverse party of
> an answer or of a motion for summary judgment, whichever first occurs, or (ii) by
> filing a stipulation of dismissal signed by all parties who have appeared in the
> action. Unless otherwise stated in the notice of dismissal or stipulation, the
> dismissal is without prejudice, except that a notice of dismissal operates as an
> adjudication upon the merits when filed by a plaintiff who has once dismissed in
> any court of the United States or of any state an action based on or including the
> same claim.

Fed. R. Civ. P. 41(a)(1). With regard to the effect of a voluntary dismissal by an order of the

Court, the rule provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall
> not be dismissed at the plaintiff's instance save upon order of the court and upon
> such terms and conditions as the court deems proper. If a counterclaim has been
> pleaded by a defendant prior to the service upon the defendant of the plaintiff's
> motion to dismiss, the action shall not be dismissed against the defendant's
> objection unless the counterclaim can remain pending for independent
> adjudication by the court. Unless otherwise specified in the order, a dismissal
> under this paragraph is without prejudice.

3

Fed. R. Civ. P. 41(a)(2).

## D.     Analysis

Fed. R. Civ. P. 41(a)(1) does not apply to plaintiff's case. Defendants' dispositive motion was filed before plaintiff's motion for voluntary dismissal, and, although plaintiff has supplied the Court with a "stipulated order of plaintiff's voluntary dismissal of defendants Ricardo Cornejo, Richard Leo, John Doe, Ivan Scott, Daniel Abrams, Kristin Sigafoose, Paul Renico, and Randy Carl", the stipulated order is not signed by the parties. Therefore, the Court must analyze plaintiff's request for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2).

"[A] court exercising its discretion in considering voluntary dismissal must[] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Holiday Queen Land Corp. v. Baker, et al.*, 489 F.2d 1031, 1032 (5th Cir. 1974) (citing *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967)). "Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990) (citing *Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y.1986); *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y.1953)).

Plaintiff filed his motion for voluntary dismissal of certain defendants approximately three months after the filing of his complaint and approximately one month after defendants filed

4

their dispositive motion. While the dispositive motion was filed on behalf of some of the defendants who plaintiff voluntarily moves the Court to dismiss, plaintiff has not been unduly vexatious, the suit has not progressed too far, and he seeks voluntary dismissal as to parties who argue that plaintiff's claims have not been exhausted. Although plaintiff does not offer an explanation as to his reason for requesting dismissal as to certain defendants, the Court should grant plaintiff's motion. Defendants have not filed a response to plaintiff's motion, and there is apparently little concern about any investment made thus far in litigation of this case.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 147-48 (1985), Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); Willis v. Secretary of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length

5

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated May 3, 2004

.º RULE 77(d), FRCMP
... HAVE BEEN MAILED TO:

Gordon Rattner
Julia Bell

5/5/04

CLERK