UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON DITTMER,

       Plaintiff,

                                       Case No. 03-74700

v.

                                       Honorable Arthur J. Tarnow

R. CORNEJO, et al.,                  United States District Judge

       Defendants.                      Magistrate Judge Paul Komives
_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND
RECOMMENDATION [35], GRANTING DEFENDANTS' MOTION TO
DISMISS AND FOR SUMMARY JUDGMENT [8], AND DENYING
PLAINTIFF'S MOTION TO AMEND [32]**

**I.**

Before the Court is the magistrate's Report and Recommendation (R&R), recommending that the Court grant the remaining Defendants' (Kellogg, Wazny, and Gonzales)[1] motion to dismiss/for summary judgment and deny Plaintiff, Gordon Dittmer, leave to amend his complaint. Dittmer has filed objections. Although the Court disagrees with the magistrate's conclusion that Dittmer exhausted his administrative remedies as to Defendant Wazny, the Court agrees that Dittmer's claims against Wazny should be dismissed and concurs in the remainder of the R&R. The R&R is hereby **ADOPTED** and supplemented as

---

      [1]There are two remaining named Defendants, Michael Powell and Bill Martin. However, to date they have not been served and are not subject to the Court's jurisdiction.

*Dittmer v. Cornejo*
03-74700

follows.

## II.

### A. Defendants' Motion to Dismiss and for Summary Judgment

### I. Administrative Exhaustion

Defendants concede that Dittmer exhausted his administrative remedies as to Defendants Kellogg and Gonzales but argue that he did not exhaust as to Defendant Wazny. They urge the Court to apply the "total exhaustion" rule, which requires complete dismissal of a complaint containing unexhausted claims. The magistrate opines that Dittmer exhausted his administrative remedies as to all of the remaining Defendants. The Court disagrees with the finding of exhaustion as to Wazny. Nonetheless, the Court declines to apply the total exhaustion rule and concurs in the conclusion that Dittmer's claims must be dismissed on the merits.

The Department of Corrections' Step I grievance form asks, "What attempt did you make to resolve this issue prior to writing this grievance?" On his Step I form, Dittmer wrote, "I did speak with CO Wazny on 12-04-01." He attached a two-page, typewritten explanation of the problem to the grievance form. The most he said about Wazny in the explanation was that "inmate Tomac #187725 did deliver [items of Dittmer's personal property which had allegedly been thrown in the trash by Defendant Kellogg] to the 2-Unit bubble CO Wazny." The magistrate opines that Dittmer exhausted as to Wazny because (a) his Step II grievance form was more explicit, and (b) he made express constitutional arguments about Wazny

-2-

*Dittmer v. Cornejo*
03-74700

in his response to Defendants' summary judgment motion.

Apparently, Dittmer filed two Step-II grievance forms. In the type-written attachment to the second form, he asserted:

> The actions of Officer Wazny in having failed to secure those personal and legal properties belonging to the grievant . . . were done maliciously and sadistically and contributed to and proximately caused the above described violations and constituted gross negligence and denial of the grievant's [constitutional rights].

In *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003), the Sixth Circuit explained:

> [F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, *a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process*. In describing the alleged mistreatment or misconduct, however, we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.

(Emphasis added.) Under *Burton,* then, it is not enough that a prisoner simply name or mention a particular defendant at Step I. Here, Dittmer merely mentioned Wazny at Step I. He did not make any specific allegation against Wazny until he filed the second Step II form. Thus, he did not exhaust his administrative remedies as to Wazny.

Defendants urge the Court to apply the total exhaustion rule and dismiss Dittmer's entire complaint. After the magistrate issued the R&R, a panel of the

*Dittmer v. Cornejo*
03-74700

Sixth Circuit promulgated *Bey v. Johnson,* 407 F.3d 801 (6th Cir. 2005), which held that a complaint containing unexhausted claims must be dismissed in its entirety. Judge Clay dissented, pointing out that the rule in this Circuit has been, and is, to allow the exhausted claims to proceed to a determination on the merits. *See Hartsfield v. Vidor,* 199 F.3d 305 (6th Cir. 1999) (recognizing – although not using the magic words "total exhaustion" – that the district court had properly addressed the merits of the exhausted claims while dismissing the unexhausted claims). He emphasized that only the *en banc* Court may overrule the decision of a prior panel.

The Court agrees that *Bey* and *Hartsfield* are inconsistent and will not apply *Bey* to the instant case. Thus, the Court will address Dittmer's claims on the merits.

## ii. Deprivation of Property/Due Process & Deliberate Indifference

Dittmer alleges that Kellogg destroyed his legal papers, Gonzales caused a prisoner personal property receipt to disappear, and Wazny failed to secure his legal effects. The collective actions of Defendants, he claims, deprived him of property without due process of law.[2] In *Copeland v. Machulis,* 57 F.3d 476, 480 (6th Cir. 1998), the Court explained that a prisoner making the type of argument

---

[2]Some courts characterize such claims not as denials of due process, but denials of the substantive right of access to the courts. *See, e.g., Hikel v. King,* 659 F. Supp. 337 (E.D.N.Y. 1987). Since Dittmer and the magistrate have distinguished this argument from the "right of access" argument, the Court will address it as distinct.

-4-

*Dittmer v. Cornejo*
03-74700

which Dittmer makes must plead and prove that state remedies are inadequate. This rule is known as the "*Parratt*" rule and stems from *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327 (1986). Dittmer argues in his objections that state remedies are inadequate for two reasons. First, he cannot sue under M.C.L. § 600.2920 for goods unlawfully obtained, because his property was not detained; it was destroyed. Next, he cannot file suit in the Court of Claims, since the value of his property exceeds $1,000. *See* M.C.L. § 600.6419 (establishing jurisdiction of the Court of Claims). Dittmer also argues that the Court of Claims is a court of limited jurisdiction and cannot review an administrative action. The Court sees no reason why Dittmer could not file a tort claim in state trial court pursuant to Michigan's governmental tort claims procedure. Thus, the Court agrees with the magistrate's conclusion that there are adequate state remedies to address this claim.

Although the magistrate did not touch upon this, a due process claimant must allege that the deprivation occurred as a result of established state procedure. It is not enough to allege that "the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure." *Parratt,* 451 U.S. at 543. Dittmer has not alleged that he suffered a deprivation as a result of established state procedure.

Dittmer next argues that the *Parratt* rule is inapplicable to claims of violation of *substantive* due process. He is correct. *See, e.g., Vinson v. Campbell*

-5-

*Dittmer v. Cornejo*
03-74700

*County Fiscal Court,* 820 F.2d 194, 198 (6th Cir. 1987). However, there are several problems with his substantive due process argument. First, he is fusing it with an Eighth Amendment deliberate indifference argument, which he also advances. The Court agrees with the magistrate that Dittmer cannot satisfy the objective element of a deliberate indifference claim, because the alleged actions by Defendants do not shock the conscience or otherwise arouse the sentiment of society.

Finally, although a prisoner has a substantive due process right to legal materials which would further his cause, the right is a corollary to the right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817 (1977). Thus, Dittmer's substantive due process argument is bound up with his "right of access" argument.

### iii. Right of Access to the Courts

Dittmer alleges that Defendants' actions impeded his First and Fourteenth Amendment right of access to the courts by preventing him from filing a supplemental brief in his direct appeal and a motion for relief from judgment. The right of access requires that prisoners seeking to challenge their criminal charges, convictions, or conditions of confinement receive "adequate, effective, and meaningful" access to the courts. *Id.* at 822. The rule in the Sixth Circuit is that the destruction of legal papers alone does not establish a constitutional right of access claim. A prisoner must show prejudice to his appeal. *See Winburn v. Howe,* 43 Fed. Appx. 731, 734 (6th Cir. 2002) (unpublished) (citing *Root v.*

*Dittmer v. Cornejo*
03-74700

*Towers,* 238 F.3d 423 (6th Cir. 2000) (table; unpublished), and *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996)).

As the magistrate points out, Dittmer was represented by appointed counsel during his appeal. Thus, the State discharged its obligation to provide him with meaningful access to the courts. *See Partee v. Cook County Sheriff's Office,* 863 F. Supp. 778, 781 (N.D. Ill. 1994).

Dittmer nonetheless argues, without using the magic word "prejudice," that his appeal efforts were hampered because he had only "nominal" representation (an appointed state defender) and did not get to file his own supplemental brief. Although the Court is cognizant that Dittmer does not have a law degree, it must note that he makes no attempt to make an offer of proof as to what he might have argued if his documents had not been destroyed. Without more, the Court fails to see that he was seriously prejudiced or that his right of access was compromised by the destruction of his legal materials.

As to the argument concerning the motion for relief from judgment, the Court concurs in the magistrate's reasoning that, because Dittmer has been granted leave to file such motion in his pending *habeas* case, any prejudice he has suffered has been cured.[3]

**iv. Equal Protection and Privileges and Immunities**

---

[3] Judge Borman granted Dittmer sixty days from the date of the judgment in the instant case to file a post-conviction motion in state court.

*Dittmer v. Cornejo*
03-74700

The magistrate advises that, because Dittmer failed to allege that he is a member of a protected class, Defendants are entitled to summary judgment on his equal protection claim. Dittmer's first response is that an "us versus them" mentality is pervasive in prisons and that "[p]risoners are as much a member of a suspect class as is any Negro or Asian or homosexual or Christian or Islam or smoker or non-smoker . . . ." He is incorrect. Prisoners are not a suspect class. *Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir. 1998). The magistrate is correct that, in this Circuit, failure to allege membership in a protected group is fatal to a prisoner's equal protection claim. *See, e.g., Figel v. Overton,* 121 Fed. Appx. 642 (6th Cir. 2005) (unpublished) (prisoner challenged discretion given to warden to approve publication vendors) (citing *Henry v. Met. Sewer Dist.,* 922 F.2d 332 (6th Cir. 1990)).[4]

Dittmer next responds that he has stated a claim under both the Equal Protection and Privileges and Immunities clauses by asserting a denial of the right of access to the courts. Some courts have found the basis of this right in those clauses. *See, e.g., Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987) (characterizing the right of meaningful access as an equal protection guarantee);

---

[4]Dittmer's equal protection claim must also fail for another reason. Such claims ask courts to compare the treatment given to one class of humans versus another class, e.g., black v. white, religious v. non-religious, life prisoners v. term prisoners, etc. Although Dittmer asserts that there is an "us versus them" mentality in prison, he cannot state an equal protection claim by merely asserting that prisoners are treated as "them." The state actors in question do not have occasion to throw coffee on the legal documents of non-prisoners.

-8-

*Dittmer v. Cornejo*
03-74700

and *Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir. 1990) (recognizing that the right is grounded in Article IV and the Fourteenth Amendment). Because the Court has rejected Dittmer's right of access claim, it likewise rejects his equal protection and privileges and immunities claims.

**v. State Law Claims**

As recommended by the magistrate, the Court will decline to exercise supplemental jurisdiction over Dittmer's state law claims.

### B. Dittmer's Motion to Amend

In his 107-page proposed amended complaint, Dittmer rehashes his claims against Kellogg, Gonzales, and Wazny; asserts new claims against new defendants, arising from the same incident which gave rise to his original complaint; and adds claims against two original defendants, Cornejo and Doe, who were dismissed from this case on July 17, 2004, pursuant to a voluntary dismissal by Dittmer. The Court agrees with the magistrate that nothing in the proposed amended complaint could survive Defendants' motion for summary judgment. Also, the new defendants named in the proposed amended complaint are not subject to *respondeat superior* liability under 42 U.S.C. § 1983.

### III.

In sum, although the Court disagrees with the magistrate's finding of exhaustion as to Defendant Wazny, the Court otherwise **ADOPTS** the R&R as the findings and conclusions of the Court. Accordingly, Defendants' motion to

*Dittmer v. Cornejo*
03-74700

dismiss and for summary judgment is **GRANTED**, and Dittmer's motion to amend his complaint is **DENIED.**

 **IT IS SO ORDERED.**


   s/Arthur J. Tarnow
   **Arthur J. Tarnow**
   **United States District Judge**

**Dated:  July 14, 2005**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2005, by electronic and/or ordinary mail.**

   s/Theresa E. Taylor
   **Case Manager**